IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| PAMELA J. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:12cv00124 |
| v. | ) | |
| | ) | |
| JAMES MADISON UNIVERSITY, | ) | By:  Michael F. Urbanski |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

# ORDER

This matter was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition.  The magistrate judge filed a report and recommendation on April 23, 2013, recommending that plaintiff's claim for monetary relief against James Madison University be dismissed with prejudice and further recommending that plaintiff be given twenty days to file an amended complaint complying with the pleading requirements of Federal Rules of Civil Procedure 8 and 10.[1]  Plaintiff, who is proceeding pro se, objected to the recommendation that her claim for monetary relief be dismissed with prejudice, asking instead that it be dismissed without prejudice.  She provided no explanation or basis for her objection.  Plaintiff further filed an "Answer to Report and Recommendation" along with an attached exhibit entitled "Amended Complaint," see Dkt. # 18, that the court will construe collectively as a proposed second amended complaint.

The court has reviewed the magistrate judge's report, the objection to the report, and the relevant case law and, in so doing, made a de novo determination of those portions of the report

---

[1] The magistrate judge found that given the current narrative state of plaintiff's complaint, he could not determine whether plaintiff stated a plausible cause of action.  The undersigned agrees.

to which the plaintiff objected.  The court finds that the magistrate judge was correct in concluding that plaintiff's claim for monetary relief should be dismissed with prejudice.[2]  As an agency of the Commonwealth of Virginia, James Madison University is shielded by Eleventh Amendment sovereign immunity, Lee-Thomas v. Prince George's Cnty. Public Schs., 666 F.3d 244, 248 (4th Cir. 2012), and that immunity has been neither abrogated, Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91-92 (2000), nor waived, see, e.g., Amaram v. Virginia State Univ., No. 3:06-CV-444, 2006 WL 6198447, at *2 (E.D. Va. Sept. 14, 2006).  The court further agrees with the magistrate judge that given plaintiff's pro se status, it is appropriate to allow her an opportunity to amend her complaint and comply with the pleading requirements set forth in Rules 8 and 10.  Plaintiff has filed a proposed second amended complaint which contains a caption with the court's name and the names of the parties as well as numbered paragraphs, which more closely complies with the pleading requirements set forth in the Federal Rules of Civil Procedure.

     Accordingly, it is therefore **ORDERED** and **ADJUDGED** as follows:

1. The report and recommendation (Dkt. # 15) is **ADOPTED in its entirety;**
2. Plaintiff's claims for monetary relief against defendant are **DISMISSED with prejudice**;
3. Plaintiff is granted leave to amend her complaint to comply with Federal Rules of Civil Procedure 8 and 10; and
4. The Clerk is directed to docket collectively the "Answer to Report and Recommendation" and attached exhibit entitled "Amended Complaint," see Dkt. # 18, as plaintiff's Second Amended Complaint.

---

[2]  Plaintiff offers no reason why this claim should be dismissed without prejudice, and no amendment to the complaint could cure the defect.

The Clerk is directed to send a certified copy of this Order to plaintiff and to counsel of record.

                         Entered:  May 24, 2013

                         /s/ Michael F. Urbanski

                         Michael F. Urbanski
                         United States District Judge