CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 27 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PAMELA J. GORDON, | CASE NO. 5:12CV00124 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JAMES MADISON UNIVERSITY, | |
| Defendant. | By: B. WAUGH CRIGLER<br>U.S. MAGISTRATE JUDGE |

Defendant's June 6, 2013 motion to dismiss for failure to state a claim is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), to conduct proceedings and render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the motion. Defendant seeks to dismiss plaintiff's case under Fed. R. Civ. Proc. 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim. For the reasons that follow, the undersigned will RECOMMEND that an Order enter DENYING, in part, and GRANTING, in part, the defendant's June 6, 2013 motion to dismiss and DISMISSING plaintiff's action for failure to seek relief which can be granted for the reasons set forth below.

## CASE HISTORY AND PROCEDURAL BACKGROUND

Plaintiff is a former employee of James Madison University, who was terminated on November 2, 2011. (Dkt. No. 3, at 1.) Plaintiff immediately sought help from the Equal Employment Officer, James Robinson, who instructed plaintiff to apply for other jobs on campus but did not inform her of her right to file a grievance with her state employer until the thirty days to do so had passed. (Dkt. No. 26, at 1.) Plaintiff wrote a letter to the Equal Employment Opportunity Commission (EEOC) on February 9, 2012, alleging that she had been subject to age discrimination and harassment. (*Id.* at 2.) The EEOC provided plaintiff a right to sue letter on September 28, 2012, notifying her that she must file a lawsuit

within ninety days of receipt. (Dkt. No. 10-1, at 8.) Plaintiff filed this action on November 27, 2012 and an amended complaint, consisting solely of her original letter to the EEOC and accompanying documents, on December 4, 2012. (Dkt. No. 1, Dkt. No. 3.) On December 26, 2012, defendant moved to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b). (Dkt. No. 5.) By Order entered on January 4, 2013, the presiding District Judge referred all dispositive motions in this case to the undersigned to render a report and recommendation concerning their disposition. (Dkt. No. 9.)

On April 23, 2013, the undersigned recommended that plaintiff be given an opportunity to amend her complaint, but that her claim which was solely for money damages should be dismissed because the defendant enjoys Eleventh Amendment immunity from money damages. (Dkt. No. 15.) By order entered May 24, 2013, the presiding District Judge adopted the undersigned's report and recommendation, dismissing plaintiff's claim for money damages and deeming plaintiff's objection and amended complaint as plaintiff's second amended complaint. (Dkt. No. 21.) On June 6, 2013, defendant filed a motion to dismiss plaintiff's second amended complaint. Plaintiff responded on June 28, 2013, and on July 8, 2013, defendant replied to plaintiff's response. The action once more is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

**MOTION TO DISMISS**

Defendant asserts that plaintiff's complaint should be dismissed for two reasons: 1) that the court does not have subject-matter jurisdiction over what it perceives are a number of alleged acts of discrimination because her claims are time-barred; and 2) that plaintiff, again, has failed to state a claim upon which relief can be granted because she has failed allege sufficient facts to meet the plausibility requirement of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). Plaintiff opposes dismissal on the basis that her

2

termination itself was within the period allowed by the statute of limitations, and she believes she has stated sufficient facts to allege a discriminatory discharge. On July 22, 2013, the court entertained oral argument which, with minor exceptions, essentially tracked the parties' briefs.

## APPLICABLE LAW, FINDINGS AND CONCLUSIONS

### Pleading Standard

It is well settled that the court is to liberally construe *pro se* pleadings. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Terrell v. Bassett*, 353 F. Supp. 2d 658, 660-661 (E.D. Va. 2005). The Supreme Court of the United States has held, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). By the same token, the federal courts may not be an advocate for a *pro se* plaintiff and must hold the complaint to certain minimal pleading standards. *Holsey v. Collins*, 90 F.R.D. 122, 128 (D.C. Md. 1981); *Switzer v. Town of Stanley*, 2010 WL 4961912, at *2-3 (W.D. Va. December 1, 2010). Under Fed. R. Civ. P. 8(a), a claim must include: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief.

### Subject-Matter Jurisdiction Under Rule 12(b)(1)

Defendant asserts that, under Rule 12(b)(1), this court does not have subject-matter jurisdiction over a number of the alleged discriminatory incidents in plaintiff's complaint. In Virginia, a plaintiff must file a complaint with the EEOC within 300 days of the alleged discriminatory incident. *Jones v. Calvert Group Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Plaintiff alleges that she filed her claim with the EEOC in February 2012, while defendant notes that the charge was not filed until March 8, 2012. In either case, plaintiff would be barred only from recovering for separate acts of discrimination which

3

occurred prior to April or May of 2011. Plaintiff's alleged forced resignation occurred on November 2, 2011, which is well within the 300 day period. Thus, any claim based upon her termination from employment is not time-barred, and the court has subject-matter jurisdiction over that claim.

Defendant argues that plaintiff did not exhaust her administrative remedies as to any separate incident which was not specifically mentioned in her EEOC charge. The Fourth Circuit has held that the exhaustion requirement does not "require untrained parties to provide a detailed essay to the EEOC in order to exhaust their administrative remedies." *Sydnor v. Fairfax Co., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). Thus, a claim reasonably related to the EEOC charge is allowed so long as it does not "reference different time frames, actors, and discriminatory conduct." *Id.* at 593-594. Here, both plaintiff's EEOC charge and her complaint allege that her supervisor in collusion with the ultimate decision-maker discriminated against her based on her age. The complaint does not present circumstances where plaintiff has claimed one form of discrimination before the EEOC, such as gender-based discrimination and has filed a complaint in federal court on another basis, such as race discrimination. Plaintiff has alleged that, from their very first encounter, her supervisor discriminated against her on the basis of age culminating in her discharge. Thus, the undersigned is of the view that plaintiff has exhausted her administrative remedies with regard to her claim of age-based discrimination.

Furthermore, plaintiff clarified in oral argument before the undersigned that her allegations of prior instances are not offered to establish independent claims or separate causes of action, but are offered as historical context to establish discriminatory intent. With such clarification on the record, defendant essentially conceded that plaintiff's discharge claim is not time-barred.

Therefore, defendant's motion to dismiss under Rule 21(b)(1) for lack of subject matter jurisdiction should be denied. It is so RECOMMENDED.

**Failure to State a Claim Under the *Iqbal/Twombly* Standard**

Under Fed. R. Civ. P. 12(b)(6), a cause of action may be dismissed for "failure to state a claim upon which relief may be granted." The court must accept as true any factual allegations contained in the complaint, though it need not accept legal conclusions; and, to survive a motion to dismiss, a complaint must provide sufficient facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). Facial "plausibility" lies on a spectrum between possibility and probability, and it is established when the court is able to draw a reasonable inference that the defendant may be liable for the conduct alleged. *Id.* The complaint need not include detailed factual allegations, but the factual allegations must be more than a formulaic recitation of the elements of a cause of action and must raise a plausible right to relief above the speculative level. *Id.*

Plaintiff alleged that she was the victim of age discrimination. Plaintiff falls within the class protected by the ADEA and has suffered an adverse employment action in the form of her termination. Plaintiff has asserted that her supervisor, Courtney Workman, stated plaintiff was "too old to do this job." (Dkt. No. 22, at 2.)

Defendant argues that plaintiff was fired by Lt. Landes, not Workman, and it believes plaintiff has not shown in her complaint that Landes, himself, discriminated against plaintiff. However, plaintiff has alleged facts upon which one could infer that Workman colluded with Landes in a way designed to terminate her. Plaintiff alleges that Workman essentially acted for Landes in directing plaintiff to report for her termination meeting. The complaint declares that her supervisor "put her hands on my shoulders and turned me around and pushed me through the doors" to the conference room where plaintiff was terminated. (Dkt. No. 22, at 2.) Furthermore, plaintiff's entire disciplinary record consisted of written notices from Workman. (*Id.* at 1.)

Under Rule 12(b)(6), plaintiff merely need state facts which persuade the court that the defendant may be liable for the alleged conduct. The court is to accept as true all facts alleged in plaintiff's complaint. Given these circumstances, it seems plausible a reasonable juror could find that plaintiff's supervisor harbored discriminatory animus against plaintiff due to her age, and that Landes and Workman colluded to bring about her termination because of her age. But for any other reason for dismissal, the defendant's motion would not be well taken.

**Relief Barred by the Eleventh Amendment**

By Order entered May 24, 2013, the presiding District Judge dismissed, with prejudice, plaintiff's claim for monetary relief based on the defendant's Eleventh Amendment immunity. (Dkt. No. 21, at 2.) Plaintiff's amended complaint, however, once more seeks only monetary relief in the amount of $620,000, and does not plead any claim for equitable relief. (Dkt. No. 22, at 1.) The court clearly provided notice to her that she had no claim for monetary relief, but nevertheless, she has persisted to assert a claim only for monetary relief which this court cannot grant.[1]

Therefore, it is RECOMMENDED that the complaint be dismissed for failure to state a claim upon which relief can be granted on the basis that the sole relief she seeks is not available under the law.

**SUMMARY**

For the reasons set forth above, it hereby is RECOMMENDED that the defendant's June 6, 2013 motion to dismiss for want of jurisdiction under Rule 12(b)(1) be DENIED, that the motion to dismiss for failure to set forth actionable discriminatory conduct be DENIED, but that the motion to dismiss be GRANTED to the extent that plaintiff has failed to state a claim for relief which can be granted in this action. An Order should enter DISMISSING this case from the docket of the court.

---

[1] It seems clear that plaintiff has declined to seek reinstatement.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and to plaintiff at her last known address.

ENTERED: /s/
U.S. Magistrate Judge

August 27, 2013
Date