**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| PAMELA J. GORDON, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 5:12cv00124 |
| v. | ) | |
| | ) | |
| JAMES MADISON UNIVERSITY, | ) | By:  Michael F. Urbanski |
| | ) |        United States District Judge |
|     Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on April 23, 2013, recommending that plaintiff, who is proceeding pro se, be given leave to file an amended complaint but also recommending that her claims for monetary relief under the Age Discrimination in Employment Act be dismissed with prejudice. The court adopted the report and recommendation by Order entered May 24, 2013, dismissed plaintiff's claims for monetary relief with prejudice, and directed the clerk to file plaintiff's proposed second amended complaint.

Defendant then moved to dismiss the second amended complaint and a hearing was held on July 22, 2013. The magistrate judge filed a report and recommendation on August 27, 2013, recommending that the motion to dismiss be denied in part and granted in part and that this matter be dismissed as a result of plaintiff's failure to seek equitable relief. Specifically, the magistrate judge recommends that defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim be denied. The magistrate judge nevertheless

recommends dismissing this case because plaintiff's second amended complaint once more seeks only monetary relief, which claim for relief has been dismissed by the court with prejudice. The magistrate judge noted that plaintiff has declined to seek equitable relief in the form of reinstatement and instead "has persisted to assert a claim only for monetary relief which this court cannot grant." Report & Recommendation, Dkt. # 39, at 6.

Plaintiff filed a letter, which the court construes as an objection to the report and recommendation, asserting as follows:

> I have focused on the efficiency and validity of my case to this point and, in doing so, I have overlooked a major part of my case, the relief sought. I am aware of the Eleventh Amendment and did not amend the relief sought when it was appropriate.

Pl.'s Objection, Dkt. # 41-1. Plaintiff asks the court to allow her to amend her claim for relief and filed a document entitled "Amended Monetary Relief to Equitable Relief." This document states that plaintiff "is seeking EQUITABLE RELIEF in the form of Front Pay and Back Pay to include benefits lost and, compensatory damages as this Honorable Court deems appropriate." Id. at Dkt. # 41.

As required by Rule 72(b)(3), the court has reviewed the magistrate judge's report and the objection to the report and made a de novo determination of the portion of the report to which the plaintiff objected. The court finds that the magistrate judge was correct in concluding that this matter must be dismissed.

Plaintiff's claim for monetary relief has been already been dismissed by the court with prejudice. Plaintiff failed to assert any other type of relief in her second amended complaint. Indeed, even after plaintiff was informed a second time in the magistrate judge's report that her claim for monetary damages could not survive, and the magistrate judge noted specifically in the report that plaintiff failed to seek reinstatement, plaintiff makes clear that she seeks only a claim

2

for monetary damages (albeit accompanied by the words "equitable relief"). While pro se pleadings are entitled to some leniency, federal courts must not act as advocates for a pro se plaintiff and must hold plaintiffs to minimum pleading requirements. See McCaskey v. Henry, No. 3:10-cv-390-GCM, 2012 WL 1118851, at *2 (W.D.N.C. Apr. 3, 2012). Rule 8(a)(3) of the Federal Rules of Civil Procedure requires a complaint to contain a demand for the relief sought. Plaintiff, in her second amended complaint, demands only monetary relief, which claim has been dismissed with prejudice. The court has twice notified plaintiff of her deficient pleading, and she continues to assert only a claim for relief which the court cannot grant. As such, the court will adopt the recommendation of the magistrate judge and dismiss this matter without prejudice.

An appropriate Order will be entered.

Entered: September 17, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge