IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **PAMELA J. GORDON,** ) | |
| Plaintiff ) | |
| ) | Civil Action No. 5:12-cv-00124 |
| v. ) | |
| ) | |
| **JAMES MADISON UNIVERSITY,** ) | |
| Defendant. ) | |
| ) | By: Joel C. Hoppe |
| ) | United States Magistrate Judge |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Plaintiff's Motion to Amend/Correct her Amended Complaint (ECF No. 56) and the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint (ECF No. 52). The motions were referred to me for report and recommendation under 28 U.S.C. § 636(b)(1)(B). (*See* ECF No. 55.) After considering the parties' briefs, oral arguments, and the applicable law, I recommend that this Court **DENY** the Plaintiff's Motion to Amend/Correct her Amended Complaint and **DENY as moot** the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint.

I. Procedural History

Plaintiff Pamela Gordon alleges that she was forced to resign from her job as a police dispatcher at James Madison University ("JMU" or "the University") because of her age. (ECF No. 22, 1-2.) After exhausting her administrative remedies under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), Gordon filed suit, *pro se*, in this Court on November 27, 2012. (*See* ECF No. 1.) Her complaint consisted only of her original letter to the Equal Opportunity Employment Commission ("EEOC") and a demand for $620,000 in damages against JMU. (*See id.*; ECF No. 1-2.)

1

A.     *First Amended Complaint – December 2012*

On December 4, 2012, Gordon filed a 49-page amended complaint, which again consisted only of her original letter to the EEOC and accompanying exhibits. (ECF No. 3.) The University moved to dismiss Gordon's first amended complaint with prejudice under Rules 8(a), 10(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) It also claimed Eleventh Amendment immunity "to the extent Plaintiff [was] seeking to recover money damages for [JMU's] alleged violations of the Age Discrimination in Employment Act." (ECF No. 6, 2.)

On April 23, 2013, Magistrate Judge B. Waugh Crigler recommended that the District Court dismiss Gordon's ADEA damages claim with prejudice, but allow Gordon 20 days to amend her complaint to comply with the federal rules' pleading standards. (ECF No. 15.) Given the narrative state of Gordon's pleadings, Judge Crigler was "unable to discern, short of acting as the plaintiff's advocate, what cause of action [she was] alleging." (*Id.* 3.) District Judge Michael F. Urbanski adopted Judge Crigler's recommendations on May 24, 2013. (ECF No. 21.) The Court dismissed Gordon's ADEA damages claim with prejudice because the University was immune from such claims under the Eleventh Amendment, and "no amendment to the complaint could cure th[at] defect." (*Id.* 2.) The Court also allowed Gordon to amend her complaint for a second time.

B.     *Second Amended Complaint – May 2013*

Gordon immediately filed a second amended complaint. (ECF No. 22.) This document complied with the federal rules to the extent that it contained a caption with this Court's name, the parties' names, numbered paragraphs, and a clear statement of the relief sought. (*See id.*) But, once again, Gordon sought only damages against JMU under the ADEA. (*See id.*) The

2

University moved to dismiss Gordon's complaint with prejudice under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 24.) Specifically, the University argued that the Court did not have authority to consider any fact that Gordon did not include in her original letter to the EEOC. (*Id.* 4–6.) It also argued that Gordon did not allege facts from which the court could reasonably infer it was "plausible" that the University forced Gordon to resign "because of" her age. (*Id.* 8–13.)

Judge Crigler recommended that the District Court grant in part and deny in part JMU's motion to dismiss. (ECF No. 39.) He rejected the Rule 12(b) arguments but recommended that the court again dismiss Gordon's ADEA damages claim with prejudice. (*Id.* 3–7.) Judge Crigler noted that Gordon "once more [sought] only monetary relief in the amount of $620,000, and [did] not plead any claim for equitable relief" against the University. (*Id.* 6.) In response, Gordon filed a document titled "Amended Monetary Relief to Equitable Relief." (ECF No. 41; *see also* ECF No. 41-1.) That document "clarified" that Gordon was "seeking EQUITABLE RELIEF in the form of Front Pay and Back Pay to include benefits lost and, [*sic*] compensatory damages" against the University. (ECF No. 41.)

Judge Urbanski adopted Judge Crigler's recommendations on September 17, 2013. (ECF Nos. 42, 43.) He noted that Gordon's ADEA damages claim had been dismissed with prejudice, that the Court had twice told her that it could not grant such relief, and that it had pointed out her failure to seek equitable relief, such as reinstatement. (*See* ECF No. 41, 2–3.) He also explained that adding the words "equitable relief" to a claim for damages did not change the nature or availability of the underlying claim. (*See id.* 3.) The Court again dismissed Gordon's ADEA damages claim with prejudice and dismissed the action without prejudice. Judge Urbanski did not grant Gordon leave to amend her complaint for a third time. (*See* ECF No. 43.)

3

*C.     Gordon's Appeal to the Fourth Circuit*

Gordon appealed Judge Urbanski's order to the Fourth Circuit in October 2013. (ECF No. 44.) The panel dismissed Gordon's appeal for lack of subject-matter jurisdiction in January 2014. (ECF No. 47.) *See Gordon v. James Madison Univ., Va.*, 551 Fed. App'x 64 (4th Cir. Jan. 23, 2014) (Mem. Op.) (per curiam). The court concluded that the "order Gordon [sought] to appeal [was] neither a final order nor an appealable interlocutory or collateral order because it [was] possible for her to cure the pleading deficiencies in the complaint that were identified by the district court." *Id.* at 65 (citing *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993)).

*D.     The Pending Motions*

Gordon, now represented by counsel, filed a third amended complaint on April 16, 2014.[1] (ECF No. 51.) She claims causes of action under the ADEA and Title VII of the Civil Rights Act of 1964 "to correct unlawful employment practices on the basis of age and to vindicate plaintiff's rights and the rights of other persons also denied employment opportunities on the basis of age, and to make plaintiff whole." (ECF No. 51, 1.) Specifically, Gordon alleges that her former supervisor, Courtney Workman, "made comments to other employees at work . . . to the effect that 'plaintiff was too old' to do her job as a dispatcher." (*Id.*) She alleges that she resigned to avoid termination, and that "this threat of termination . . . was pre-textual and made as part of [the] defendant's agent's unlawful attempts to harass and discriminate against [her] because of her age." (*Id.* 3.) Gordon also alleges that she later lost out on another dispatcher position because of the "defendant's agent's hostility towards her due to [her] age." (*Id.*) These are

---

[1] Under Rule 15(a)(2), however, "an amended complaint is not actually 'filed' until the court grants 'leave' for the amendment." *Angles v. Dollar Tree Stores, Inc.*, 494 Fed. App'x 326, 329 (4th Cir. 2012) (citing *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 207 (4th Cir. 2006); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("[A]n amendment that has been filed or served without leave of court . . . is without legal effect.")).

essentially the same claims that Gordon made in her defective complaints. (*See generally* ECF Nos. 3, 22.) Gordon again seeks damages against the University in the form of "back pay which resulted from defendant's unlawful discrimination." (ECF No. 51, 3.) She also asks the Court to "[o]rder [the] defendant to reinstate plaintiff, or in the alternative, to award plaintiff compensation for her lost future earnings and benefits of employments in such amounts as determined at trial."[2] (*Id.* 4.) Gordon does not explain whether these remedies arise under Title VII, the ADEA, or both statutes.

On April 30, 2014, the University filed an "Objection to and Motion to Dismiss Plaintiff's Amended Complaint." (ECF Nos. 52, 53.) It argued that, given this case's procedural posture, Gordon could amend her defective complaint only with the opposing party's written consent or with the Court's leave. (ECF No. 53, 3 (citing Fed. R. Civ. P. 15(a)(2).) The University noted that it did not consent to Gordon filing a third amended complaint, and it urged this Court to deny leave to amend should Gordon seek it. (*Id.* 4.)

On May 14, 2014, Gordon sought leave to amend the complaint that Judge Urbanski dismissed in September 2013. (ECF No. 56.) Gordon argued that leave to amend was warranted because, after consulting with counsel, she had "a better understanding of her rights and limitations on those rights to appropriately plead her cause for the remedies still available to her under Title VII and the Age Discrimination in Employment Act." (*Id.*) She also argued that "her claim is viable and no prejudice is rendered to defendant" because the Court dismissed her last

---

[2] Gordon also seeks: (1) an order "[d]eclaring defendant in violation of the Civil Rights Acts [*sic*] and ancillary statutes"; (2) a "permanent injunction enjoining defendant, it's officers [*sic*], management, personnel, employees, agents, and all persons in active concert or participation with defendants [*sic*], from engaging in employment practices which discriminate on the basis of age . . ."; (3) an order directing "defendant to carry out and institute policies, practices, and programs providing for equal employment opportunities to all individuals regardless of age"; (4) court costs, reasonable attorneys' fees, pre- and post-judgment interest on all amounts due to her; or (5) "such further or alternative relief in favor of plaintiff as the court deems appropriate." (ECF No 51. 3–4.)

amended complaint without prejudice. (*Id.*) Gordon's proposed amendments are contained in the third amended complaint that her attorney "filed" on April 16, 2014. (*See* ECF No. 51.)

The University filed a brief in opposition to Gordon's motion for leave to amend on May 27, 2014. (ECF No. 58.) JMU again noted that it does not consent to the amendments. It also argued that this Court should deny leave because Gordon's proposed amendments are prejudicial, were made in bad faith, and are futile. (*See id.* 4.)

The University argues that granting leave to amend would prejudice JMU because it has already "expended significant time and resources defending this matter" over the last 18 months. (*Id.*) It also argues that allowing Gordon's new Title VII claim would be prejudicial because the University would have to "gather and analyze facts and legal defenses not already considered" in defending against Gordon's ADEA claim. (*Id.* 5.) The University argues that Gordon's amended request for injunctive (*i.e.*, equitable) relief is "not in good faith" because Gordon told the Fourth Circuit that "reinstatement [was] not an option" anymore. (*Id.* 6.) It argues that Gordon's proposed amendments are futile because her underlying cause of action is now time-barred by the ADEA's 90-day statute of limitations. (*Id.* 7–8.)

I held a hearing on the parties' motions on June 10, 2014. Gordon's attorney conceded that his client cannot raise any ADEA claim in a new civil action because the statute's 90-day filing period has long since lapsed. He also agreed that this Court properly dismissed Gordon's ADEA damages claim against the University with prejudice. As to the proposed amended complaint, Gordon's attorney clarified that Gordon was asserting a claim for only age discrimination, a cause of action that he contends arises under Title VII as well as the ADEA. He stated that she does not claim to have suffered an adverse employment action on account of her sex, religion, race, color, or national origin.

6

## II. Standard of Review

A case that is dismissed without prejudice is "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim . . . within the applicable limitations period." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (internal quotation marks and citations omitted). Alternatively, the plaintiff may seek leave to amend her dismissed complaint under Federal Rule of Civil Procedure 15(a)(2) and (c)(1). *See GO Computer v. Microsoft Corp.*, 508 F.3d 170, 176 (4th Cir. 2007) ("Dismissals without prejudice naturally leaves open the possibility of further litigation in some form.").

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Put differently, the court should deny leave to amend only when the proposed amendment would prejudice the opposing party, when the moving party has acted in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The court may also deny leave to a party that has "repeated[ly] faile[d] to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006).

## III. Discussion

At this point in the proceedings, Gordon may file a third amended complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The University informs the Court that it does not consent to Gordon filing a third amended complaint. (*See* ECF No 58.) It also argues that this Court should not grant leave to amend because Gordon's proposed amendments are prejudicial, were made in bad faith, and are futile.

The University argues that it (and this Court) has been prejudiced by Gordon's seven-month delay in filing her proposed amended complaint. (*See* ECF No. 53, 4, 5–6.) But "[d]elay

alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The University also argues that it would be prejudiced by this amendment because Gordon proposes a new cause of action under Title VII. (*See* ECF No. 53, 5.) Although "prejudice can result when a proposed amendment raises a new legal theory" that would require the opposing party to gather and analyze new facts, this ground "essentially applies where the amendment is offered shortly before or during trial." *Laber*, 438 F.3d at 426. That is not the case here. Thus, I am not persuaded that the risk of prejudice to JMU outweighs Rule 15(a)(2)'s "mandate" to freely grant leave to amend when justice so requires. *Foman*, 371 U.S. at 182 (citing Fed. R. Civ. P. 15(a)(2)). Furthermore, Gordon's attorney made very clear that she did not suffer any adverse employment action on account of her sex, religion, race, color, or national origin. Counsel pled a cause of action under Title VII because he mistakenly believes that Title VII prohibits age discrimination in employment.

However, I agree that all of Gordon's proposed amendments are futile. The court may deny leave on futility grounds when the proposed amended complaint "fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *see Cominelli v. Rector & Visitors of the Univ. of Va.*, 589 F. Supp. 2d 706, 712 (W.D. Va. 2008) ("An amendment may properly be found futile where, as a matter of law, it fails to state a claim.") (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). Thus, Gordon's proposed third amended complaint (ECF No. 51) must at least allege facts that, if accepted as true, state a claim for relief against the University "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" means that the complaint contains

"factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A.  *Gordon's Proposed Amendments*

Gordon pleads claims under Title VII and the ADEA "to correct unlawful employment practices on the basis of age and to vindicate plaintiff's rights and the rights of other persons also denied employment opportunities on the basis of age, and to make plaintiff whole." (ECF No. 51, 1.) She also alleges without explanation that she is a "person protected" under Title VII, the ADEA, and "other ancillary statutes and state statutes." (*Id.*) Gordon seeks damages against the University in the form of "back pay which resulted from defendant's unlawful discrimination." (ECF No. 51, 3.) She also asks the court to "[o]rder [the] defendant to reinstate plaintiff, or in the alternative, to award plaintiff compensation for her lost future earnings and benefits of employments in such amounts as determined at trial." (*Id.* 4.)

  1. *Title VII*

Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2012); *see also Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190–91 (4th Cir. 2010) (listing the essential elements of a Title VII claim). Unlike the ADEA, Title VII does not prohibit age discrimination in employment. *Compare* 42 U.S.C. § 2000e-2(a)(1) (Title VII), *with* 29 U.S.C. § 623(a) (ADEA).

Gordon's cause of action arises from her allegation that the University "acted unlawfully towards [her] by terminating her on the basis of her age." (ECF No. 51, 1; *see also id.* 2–3.) Because Gordon has not alleged that she was discriminated against based on her "race, color, religion, sex, or national origin," the proposed amended complaint does not contain any factual allegation that would "raise a right to relief" under Title VII. *See Twombly*, 550 U.S. at 555; *see*

9

*also Coleman*, 262 F.3d at 190–91. Moreover, Gordon's attorney made clear at oral argument that Gordon is claiming only age discrimination; she is not asserting that the University discriminated against her on account of her race, color, gender, religion, or national origin. Accordingly, Gordon's Title VII claim in the proposed amended complaint is futile. *See Coleman*, 262 F.3d at 190–91.

    2.    ADEA

As the Court has said many times before (*see* ECF Nos. 15, 21, 39, 43), this Court cannot entertain Gordon's demand for damages against the University under the ADEA.[3] *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91–92 (2000) (holding that the ADEA did not validly abrogate states' Eleventh Amendment immunity from suits by private plaintiffs in federal court); *Wisc. Dep't of Corrections v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("The Court has said . . . [that] a State which is sued in federal court does not waive the Eleventh Amendment simply by appearing and defending on the merits."). No amendment to Gordon's complaint can cure that defect because the Eleventh Amendment immunizes the Commonwealth of Virginia, the University, and its agents in their official capacities from any claim for damages by private individuals under the ADEA.[4] *Cf. Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the office's office. As such, it is no different from a suit against the state

---

[3] Conversely, the Eleventh Amendment does not bar damages claims against state agencies brought by private plaintiffs under Title VII of the Civil Rights Act of 1964. *Stewart v. Va. Commonwealth Univ.*, 414 Fed. App'x 555, 556 (4th Cir. 2011) (per curiam) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976)).

[4] The University did not invoke Eleventh Amendment immunity in its most recent motion or at the motions hearing. However, Fourth Circuit "case law is clear that 'because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*.' " *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997) (citing *Edelman v. Jordan*, 415 U.S. 651, 677–78 (1974)). However, I raised the issue at the hearing.

itself."). Put simply, the law does not afford Gordon a remedy to collect any money from the University or from its agents in their official capacity for alleged violations of the ADEA.

The Eleventh Amendment does permit private suits for prospective injunctive relief—such as reinstatement—against state officials in their official capacities for ongoing violations of the ADEA. *See Hartman v. Univ. of Md. at Baltimore*, No. ELH-10-2041, 2013 WL 6858854, at *6 (D. Md. Dec. 20, 2013). But that exception is quite narrow: The plaintiff must bring suit against the proper state officials and not against the state agency itself. *See Lee-Thomas v. Prince George's Cnty. Public Schs.*, 666 F.3d 244, 249 (4th Cir. 2012); *Haley v. Va. Dept. of Health*, 4:12cv16, 2012 WL 5494306, at *6, n.6 (W.D. Va. Nov. 13, 2012). Gordon's proposed amended complaint names one defendant – JMU – and does not name any state officials as defendants. (*See* ECF No. 51.) Thus, the relief she requests in the proposed amended complaint is futile because this Court would have to dismiss the ADEA claim as pleaded.

The University primarily argues that Gordon's proposed amendments are futile because her underlying cause of action is time-barred by the ADEA's 90-day statute of limitations. (*See* ECF No. 58, 7–8.) The parties agree that dismissal without prejudice does not toll that limitations period, *see Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998) (holding that "a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice" and noting such a dismissal "may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new case"); *see also Mann v. Std. Motor Prods., Inc.*, 532 Fed. App'x 417, 418 (4th Cir. 2013) (holding the same), and that we are now well past the 90-day deadline for Gordon to file suit in federal court (*see* ECF No. 10-1, 11). An amendment may be futile because a statute of limitations bars the underlying cause of action. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

11

However, in some cases a proposed amended complaint may relate back to a timely but defective complaint or the plaintiff may be entitled to equitable tolling. *See* Fed. R. Civ. P. 15(c) (relation back of amendments); *cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that Title VII's 90-day filing period is subject to equitable tolling). The parties have not addressed these potentially complex issues. Moreover, neither doctrine can save Gordon's proposed amended complaint as pleaded.

## IV. Conclusion

The Fourth Circuit left open the possibility that Gordon could "cure the pleading deficiencies in [her] complaint" by amending it under Rule 15(a)(2). *Gordon*, Fed. App'x at 65. But that does not mean this Court must grant leave to amend. *See Foman*, 371 U.S. at 182. Gordon has again sought monetary damages, which this Court has repeatedly stated are not available under the ADEA. The proposed third amended complaint also names only one defendant, and that defendant – JMU – is immune from suit under the ADEA. Accordingly, Gordon's proposed amended complaint is futile. Therefore, I recommend that this Court **DENY** the Plaintiff's Motion to Amend/Correct her Amended Complaint and **DENY as moot** the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint. The case remains closed as of September 17, 2013.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: June 30, 2014

Joel C. Hoppe
United States Magistrate Judge